1    KAREN P. HEWITT
     United States Attorney
2    CAROLINE P. HAN
     Assistant U.S. Attorney
3    California State Bar No. 250301
     United States Attorney's Office
4    880 Front Street, Room 6293
     San Diego, California 92101-8893
5    Phone: (619) 557-5220
     Fax: (619) 235-2757
6    E-mail: caroline.han@usdoj.gov

7    Attorneys for Plaintiff
     United States of America

8

                       UNITED STATES DISTRICT COURT

9

                   SOUTHERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11 | UNITED STATES OF AMERICA,    ) | **Criminal Case No. 08CR1271-IEG** |
| 12 | Plaintiff,    ) | **GOVERNMENT'S MOTIONS:** |
| 13 | v.    ) | **(1)  TO COMPEL FINGERPRINT EXEMPLAR** |
| |    ) | **(2) FOR PRODUCTION OF RECIPROCAL** |
| 14 |    ) |          **DISCOVERY** |
| | ARVIN ESPINOZA-MORALES    ) | |
| 15 |    ) | Hon Irma E. Gonzalez |
| | Defendant.    ) | June 2, 2008 |
| 16 |    ) | 2:00 pm |
| 17 | _____ ) | |

18          COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

19 United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline P. Han, and hereby

20 files its Motion to Compel the Defendant's Fingerprint Exemplar and for Production of Reciprocal

21 Discovery, together with the attached Statement of Facts, and Memorandum of Points and

22 Authorities.

23

24

25

26

27

28

1

**I**

2

**STATEMENT OF FACTS**

3

4

**A**. **Statement of the Case**

5

On April 23, 2008, a federal grand jury handed up a one-count Indictment charging

6

Defendant Arvin Espinoza-Morales with Attempted Entry after Deportation in violation of Title

7

8, United States Code, Section 1326. The indictment also alleges that Defendant was removed from

8

the United States subsequent to November 22, 2004.  Defendant entered a not guilty plea before

9

Magistrate Judge Peter C. Lewis on April 29, 2008.

10

**B**. **Statement of Facts**

11

**1. Defendant's Arrest**

12

On March 4, 2008 at approximately 8:20 pm, United States Border Patrol (BP) Agent

13

Gerald Powers responded to a location approximately 3 ½ miles east of the Calexico West Port of

14

Entry after being informed by a Remote Video Surveillance System (RVSS) operator that he had

15

seen a person climb over the international border fence.  BP Agent Powers found the defendant,

16

and identified himself as a Border Patrol agent.  BP Agent Powers asked the defendant about his

17

citizenship, and whether the defendant had legal right to enter or remain in the United States.  The

18

defendant replied that he was Mexican citizen and stated that he did not have any immigration

19

documents to allow him to enter or remain in the United States.  Thereafter, BP Agent Powers took

20

the defendant into custody and transported him to the Calexico Border Patrol station.

21

At the Calexico Border Patrol station, the defendant was fingerprinted and his information

22

was entered into immigration databases.  Based on that, the defendant's identity and criminal

23

history were confirmed, as well as that the defendant is a Mexican citizen with no legal documents

24

to enter or remain in the United States.

25

**2. Defendant's Statements**

26

In addition to the statements described above, on March 4, 2008, the defendant made

27

additional statements after being advised of his administrative rights.  The defendant agreed to

28

waive his rights, and stated that he is a Mexican citizen who had entered the United States by

1   climbing over the international border fence.  At approximately 11:10 pm, after the defendant's

2   fingerprints had confirmed that he had been deported by an immigration judge to Nicaragua, the

3   defendant was advised of his <u>Miranda</u> rights.  The defendant stated that he understood his rights,

4   and agreed to waive those rights.  The defendant stated that he was a citizen of Nicaragua, and

5   admitted that he had previously lied about being a citizen of Mexico.  The defendant also stated

6   that his hometown in Nicaragua was Corinto, and that it was located near a town called

7   Chinandenga.  The defendant also added that Luz Vida was the church in Corinto, and that Sana

8   Luisa Barquero was a school near Corinto.

9       The defendant also stated that he had been previously ordered removed from the United

10  States by an immigration judge, and that he had not requested permission from the Attorney

11  General or the Secretary of the Department of Homeland Security before re-entering the United

12  States.  The defendant also stated that he had intentionally entered the United States, and that he

13  had entered the United States to find work.  Finally, he also added that he had traveled from his

14  hometown, Corinto, to Guatemala and then on to Mexicali, and that it had taken him 10 days to

15  do so.  Thereafter, the defendant was administratively processed for a reinstatement  of his prior

16  removal order.  On March 6, 2008, the defendant was transported to an Immigration and Customs

17  Enforcement (ICE) detention facility located in Imperial County and held in civil detention

18  pending his removal back to Nicaragua.[1]

19      On April 1, 2008, the defendant was transported from the ICE facility to the Calexico

20  Border Patrol station, and was placed under arrest for the crime of Attempted Entry after

21  Deportation in violation of Title 8, United States Code, Section 1326.  At approximately 6:35 pm,

22  the defendant was advised of his <u>Miranda</u> rights, and he agreed to waive those rights.  BP Agent

23  Todd Huffaker then informed the defendant that he was being criminally prosecuted for the crime

24  of Attempted Entry after Deportation.  The defendant stated that his true name was Arvin

25  Espinoza-Morales, and that was a citizen of Nicaragua with no documentation that allowed him

26

27  [1]      According to an ICE representative at the detention facility, it takes
        approximately 30 to 45 days to process and remove a person from the United
28      States if they are from a country other than Mexico.

to enter or remain in the United States. The defendant further stated that he walked into the United States when he last entered the United States. The defendant also added that he had previously been deported from the United States. He also added that he had never received permission from the United States Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States. He further added that he had entered the United States to visit his family. The interview was concluded at approximately 6:47 pm. Thereafter, the defendant was advised of his right to have the Nicaraguan consulate notified, and was later transported to the Imperial County Jail.

On April 2, 2008, the defendant was arraigned on a complaint charging him with Deported Alien Found in the United States in violation of 8 United States Code, Section 1326.

**C. Defendant's Criminal History**

On July 14, 1999, the defendant was convicted of a traffic violation in San Bernardino Municipal Court for which received a sentence of 2 days jail.

On October 12, 1999, the defendant was convicted of Sexual Penetration with a Foreign Object in violation of California Penal Code section 289 in San Bernardino Superior Court. The defendant was sentenced to eight years in custody for that offense.

Finally, on November 22, 2004, the defendant was convicted of Battery Against a Peace Officer in violation of a California Penal Code section 242 in Fresno County Superior Court. The defendant was subsequently sentenced to 180 days jail and 3 years probation.

**II**

**GOVERNMENT MOTION FOR FINGERPRINT EXAMPLARS**

**A. Government Motion For Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Because the fingerprint exemplars are sought for the sole purpose of proving

Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

**B. Government's Motion to Compel Reciprocal Discovery**

**1. All Evidence That Defendant Intends to Introduce in His Case-In-Chief**

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**2. Reciprocal Jencks – Statements By Defense Witnesses**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government

1  after the witness has testified.  However, to expedite trial proceedings, the Government hereby

2  requests that Defendant be ordered to provide all prior statements of defense witnesses by a

3  reasonable date before trial to be set by the Court.  Such an order should include any form in

4  which these statements are memorialized, including but not limited to, tape recordings,

5  handwritten or typed notes and reports.

### III

### CONCLUSION

8    For the foregoing reasons, the Government requests that the Court grant the

9  Government's motion for reciprocal discovery and to compel a fingerprint exemplar.

DATED: May 26, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Caroline P. Han*
CAROLINE P. HAN
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1271-IEG |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| ARVIN ESPINOZA-MORALES | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

    I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action.  I have caused service of **GOVERNMENT'S MOTIONS TO COMPEL FINGERPRINT EXEMPLAR AND FOR PRODUCTION OF RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    **Candis Mitchell**
Federal Defenders of San Diego
225 Broadway Suite 900
San Diego, CA 92101-5008
(619)234-8467
Email: Candis_Mitchell1@fd.org
*Attorney for defendant*

    I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on May 26, 2008

/s/ *Caroline P. Han*
CAROLINE P. HAN